UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cr-00312-JPH-MJD |
| ROBERT DEW, | ) ) | -01 |
| Defendant. | ) ) | |

## **ORDER**

On February 1, 2019, Defendant Robert Dew filed a "Motion for Detention Hearing" (Dkt. 33). The United States filed a response on February 20, 2019. Mr. Dew requests a detention hearing, but does not state whether that request is pursuant to 18 U.S.C. § 3142(f) or 18 U.S.C. § 3145(b).

At the initial hearing on September 5, 2018, Mr. Dew was advised of his right to a hearing on the issue of pretrial detention, which the United States had sought. On September 12, 2018, Mr. Dew signed a waiver of his right to a detention hearing, and that waiver expressly acknowledges his understanding that he would "be detained until time of trial." (Dkt. 10).

Section 3145(b) is inapplicable to Mr. Dew's request for a detention hearing, because that section applies to the district court's review of a magistrate judge's detention order. Here, there is nothing substantive to review, as Mr. Dew waived his right to a detention hearing, and there are no findings and conclusions for the court to review.

Mr. Dew's motion is instead governed by 18 U.S.C. § 3142(f), which provides in pertinent part that the issue of detention may be reopened if the Court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." This distinction is important, because unlike section 3145(b), which provides for *de novo* review that can be based on the same evidence already presented, section 3142(f) requires new information—not previously known—with a material bearing on the issue of detention.

In his Motion, Mr. Dew indicates that "there has been a change of circumstances," and that he is requesting a detention hearing "to be considered for release on a combination of conditions to assure his return to court and the safety of the community." (Dkt. 33). Mr. Dew has not, however, presented new evidence to the Court that justifies reopening the issue of detention. Mr. Dew has presented no new information or evidence that was not available to him in September 2018 and, therefore, has not met the burden imposed by Section 3142(f). Accordingly, the Defendant's Motion is **DENIED**.

So ORDERED.

Date: 2/21/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system